JUANITA P. MATHER, PLAINTIFF v. WENDELL C. MATHER, DEFENDANT

No. 834DC718

(Filed 21 August 1984)

1. **Contempt of Court § 3— failure to comply with child custody order—criminal contempt**

    Pursuant to G.S. 50-13.3 the district court had a choice as to whether it would treat plaintiff's alleged disobedience of a child custody order as civil or criminal contempt. Where the court did not specify the nature of the proceeding but defendant alleged that plaintiff violated G.S. 5-1(4) (repealed and replaced by G.S. 5A-11(a)(3)) which alleges criminal contempt, and the court ordered the arrest of plaintiff which is available only in criminal contempt proceedings, the proceeding was one for criminal contempt.

2. **Contempt of Court § 5.1; Divorce and Alimony § 25— disobedience of child custody order—order not vague—grounds for show cause motion**

    Where defendant sought an order requiring plaintiff to show cause why she should not be held in contempt for disobedience of a child custody order, there was no merit to plaintiff's contention that the show cause order should be dismissed because the motion for the order did not establish grounds for issuing it since defendant alleged that plaintiff and the children left the area where both parties lived without leaving a forwarding address or a phone number, and he alleged that plaintiff had willfully violated the decree which gave him visitation rights; nor was there merit to plaintiff's contention that the court order giving her custody was too vague to be enforceable by contempt because the order did not prevent plaintiff from taking the children out of the state, since the order awarding defendant visitation rights was sufficiently clear for plaintiff to know that she violated it by her surreptitious removal of the children and concealment of their location.

3. **Contempt of Court § 5— plaintiff's expected absence from show cause hearing —failure to make finding—arrest and bail improper**

Where the trial court failed to make a finding that there was probable cause to believe that plaintiff would not appear at a show cause hearing, it was error to order the arrest of plaintiff to be held for $10,000 bail to secure her appearance at the hearing. G.S. 5A-16(b).

4. **Divorce and Alimony § 25.12— visitation rights—enforcement by reduction of child support**

Visitation rights of defendant were connected to the welfare of his children to such an extent that the trial court could properly use the reduction of child support to enforce the visitation rights.

APPEAL by plaintiff from *Martin (James N.), Judge.* Order entered 24 September 1982 in District Court, ONSLOW County. Heard in the Court of Appeals 12 April 1984.

The plaintiff has appealed from an order that she be arrested and held to bail in the sum of $10,000.00 to secure her appearance in district court, and that the defendant be relieved of support payments for his children until a hearing may be held on a motion by the defendant. The plaintiff brought this action for divorce from the defendant, which divorce was granted on 3 February 1981. A separation agreement was incorporated into the divorce decree which provided that the plaintiff would have custody of the parties' five minor children and the defendant would pay her $500.00 per month in child support. The defendant was given visitation rights with the children including two weekends per month and six weeks during summer vacation.

On 1 July 1982, the defendant filed a motion in which he alleged that the plaintiff had removed the children from North Carolina and he did not know their location. He asked, among other things, that an order be issued requiring the plaintiff to show cause why she should not be held in contempt and that he be relieved of child support payments until the plaintiff complied with the order of the court. After a hearing on the defendant's motion at which the plaintiff was not present but was represented by counsel, the court on 30 July 1982 ordered the plaintiff to appear on 20 September 1982 and show cause why she should not be held in contempt of court.

The plaintiff did not appear at the show cause hearing. Her attorney appeared and moved to dismiss the show cause order.

He filed two affidavits by the plaintiff in which she said that she had taken the children to Kansas where they are now residing. She set forth specific incidences of conduct on the part of the defendant which she contended demonstrated that he made no effort to visit with the children while they lived in Onslow County.

The court denied the plaintiff's motion to dismiss and ordered the Sheriff of Onslow County to take the plaintiff into custody and hold her to bail in the sum of $10,000.00 to secure her appearance in the District Court of Onslow County. The court also ordered that the defendant be relieved of any duty to make child support payments until a hearing could be held on the show cause order.

The plaintiff appealed.

*Gene B. Gurganus for plaintiff appellant.*

*Ellis, Hooper, Warlick, Waters and Morgan, by Lana S. Warlick, for defendant appellee.*

WEBB, Judge.

[1]   This appeal involves in part a contempt citation. Chapter 5A of the General Statutes deals with contempt. Article 1 of that Chapter deals with criminal contempt and Article 2 deals with civil contempt. The procedures and punishment for the two types differ. The compelling of obedience to decrees for the benefit of private parties is ordinarily governed by the law dealing with civil contempt. *See Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391 (1966). Under this rule this proceeding would be one for civil contempt. The General Assembly, however, amended G.S. 50-13.3 effective 1 July 1978 to provide in part:

> "(a) An order providing for the custody of a minor child is enforceable by proceedings for civil contempt, and its disobedience may be punished by proceedings for criminal contempt, as provided in Chapter 5A, Contempt, of the General Statutes."

As we read this statute, the court had a choice as to whether it would treat the plaintiff's alleged disobedience as civil contempt or criminal contempt. The district court does not specify whether the proceeding is to determine whether the plaintiff

should be held in civil contempt or criminal contempt. In his motion asking for the contempt citation, the defendant alleges the plaintiff had violated G.S. 5-1(4) which has been repealed and replaced by G.S. 5A-11(a)(3). This alleges a criminal contempt. The court ordered the arrest of the plaintiff which is available only in criminal contempt proceedings. We conclude that this proceeding is to determine whether the plaintiff is in criminal contempt and the procedure governing criminal contempt should be applied.

In her first assignment of error the plaintiff argues the court should have dismissed the show cause order. She argues first that the court did not make proper findings under G.S. 5A-23 to support the issuance of the order. G.S. 5A-23 applies in civil contempt proceedings. It has no application in this criminal contempt proceeding.

[2] The plaintiff also argues that the order to show cause should be dismissed because the verified motion for the order does not establish grounds for issuing the order. The defendant stated in the motion that the plaintiff had left the Jacksonville area without leaving a forwarding address and that he did not have an address or telephone number for his minor children. He alleged that the plaintiff had willfully violated the decree which gave him visitation rights with his children. The motion says in effect that the plaintiff has secreted herself and the minor children so that the defendant cannot find her or the children. We hold this is the allegation of sufficient facts to show the plaintiff was willfully disobeying the order of the court which allowed the defendant visitation rights with his minor children.

The plaintiff also argues that the order to show cause should have been dismissed because the court order which granted her custody is too vague to be enforceable by contempt. The order does not prohibit the plaintiff from taking the children from the state and apparently the plaintiff contends she cannot be cited for contempt because this is all she has done. It is not the removal of the children from the state which may violate the order. It is the surreptitious removal and the concealment of their location depriving the defendant of his visitation rights which may violate the court's order. We believe the order which provides for reasonable visitation rights for the defendant is sufficiently clear so that

the plaintiff should know she would violate the order by doing as she has been alleged to have done.

**[3]** The plaintiff next contends it was error for the court to order the arrest of the plaintiff to be held for $10,000.00 bail to secure her appearance at the show cause hearing. G.S. 5A-16 provides in part:

> "(b) If a judicial official who initiates plenary proceedings for contempt under G.S. 5A-15 finds, based on sworn statement or affidavit, probable cause to believe the person ordered to appear will not appear in response to the order, he may issue an order for arrest of the person, pursuant to G.S. 15A-305. A person arrested under this subsection is entitled to release under the provisions of Article 26, Bail, of Chapter 15A of the General Statutes."

G.S. 5A-16 deals with proceedings for criminal contempt. Because the plaintiff was cited for criminal contempt, the court had the power to have her arrested and held until she posted bail to assure her appearance. The court should have made a finding, which it did not, that there was probable cause to believe the plaintiff would not appear in response to the order to show cause. For the failure to make this finding, we reverse the part of the order for the plaintiff's arrest.

**[4]** The plaintiff next contends it was error to relieve the defendant of child support payments until a hearing is held on the order to show cause. Child support may be vacated upon a showing of changed circumstances. G.S. 50-13.7. The removal of the children from North Carolina and the effective proscription of the defendant's right to see the children is a change in circumstance. The plaintiff contends it is not such a change as to allow the court to relieve the defendant of child support payments. She argues that the only change which would support a modification of support would be a change in the needs of the children or the ability of the defendant to provide support. We have found no case in this jurisdiction which is precedent for this case, but we believe that the visitation rights of the defendant are connected to the welfare of the children to such an extent that the court could use the reduction of child support to enforce the visitation rights. As we read the court's order, if the plaintiff appears for the show cause hearing, the child support payments will be restored. We

hold that it was not error for the court to reduce child support payments as it did. For cases from other jurisdictions which hold as we do, *see White v. White,* 71 Cal. App. 2d 390, 163 P. 2d 89 (1945); *Adams v. Adams,* 196 A. 2d 915 (App. D.C. 1964); and *Craig v. Craig,* 157 Fla. 710, 26 So. 2d 881 (1946).

Affirmed in part; reversed in part.

Judges HILL and WHICHARD concur.