NOVA ESTER COX, PLAINTIFF v. BYNUM McCOY COX, DEFENDANT

No. 8825DC447

(Filed 7 February 1989)

1. **Divorce and Alimony § 21.5— appeal of alimony award—award enforceable in trial court by contempt pending appeal**

    There was no merit to defendant's contention that the trial court erred in finding him in contempt because his prior appeal to the Court of Appeals of the original judgment against him removed his case from the trial court's jurisdiction, since N.C.G.S. § 50-16.7(j) provides that an order for payment of alimony which has been appealed is enforceable in the trial court by contempt proceedings during the pendency of the appeal.

2. **Contempt of Court § 6— appearance of attorney at show cause hearing—defendant's presence required**

    The trial court properly refused to recognize the appearance of defendant's counsel as sufficient to satisfy a show cause order which specifically ordered defendant to appear.

3. **Contempt of Court § 3.1— defendant's failure to appear at show cause hearing —indirect criminal contempt—holding defendant in contempt without hearing improper**

    Defendant's failure to appear as ordered constituted indirect criminal contempt, since the trial judge had no direct knowledge of facts which would establish that defendant's failure to appear was willful, and the trial court therefore erred in summarily holding defendant in contempt without a hearing. N.C.G.S. §§ 5A-13(b), 5A-15(f).

APPEAL by defendant from *Jones, Jonathan L., Judge.* Order entered 2 December 1987 in District Court, CALDWELL County. Heard in the Court of Appeals 2 November 1988.

*Michael P. Baumberger for plaintiff-appellee.*

*Wilson & Palmer, P.A., by W. C. Palmer, for defendant-appellant.*

JOHNSON, Judge.

Defendant appeals from an order finding him in willful contempt of court for his failure to appear personally at a show cause hearing. Defendant was ordered to appear, on motion of the plaintiff, to show cause, if any, why he should not be held in contempt for his failure to comply with a previous court order to pay alimony to plaintiff.

On 26 February 1987, judgment was entered in district court granting plaintiff a divorce from bed and board from defendant, and ordering, *inter alia*, that defendant pay $600.00 per month to plaintiff as permanent alimony. Defendant gave timely notice of appeal to the Court of Appeals on 2 March 1987.

On 29 September 1987, plaintiff filed a motion in which she alleged that defendant had willfully violated the terms of the 26 February 1987 judgment by failing to pay the alimony ordered therein. Plaintiff's motion was granted on 29 September 1987, and defendant was ordered to appear in district court of Caldwell County on 2 December 1987 to show cause why he should not be held in contempt.

Defendant did not personally appear at the show cause hearing on 2 December 1987. However, his attorney was present and announced that he was prepared to proceed on behalf of his client. Defense counsel indicated that his client was having some medical problems, but offered no medical statement or excuse to justify defendant's absence. The trial court concluded as a matter of law that defendant was in contempt of court for his failure to appear personally as ordered by the court on 29 September 1987. Defendant was taken into custody pursuant to the contempt order and subsequently released on $2,000.00 bond. As of 2 December 1987, when defendant was found in contempt of court, his appeal of the initial 26 February 1987 judgment against him was still pending in the Court of Appeals.

[1] By his first Assignment of Error, defendant contends that the trial court erred in finding him in contempt on 2 December 1987 because his prior appeal to this Court of the original judgment against him removed his case from the trial court's jurisdiction. He argues that the trial court therefore lacked the authority to enter the contempt order or the initial show cause order from which it arose.

Defendant urges us to find that *Webb v. Webb*, 50 N.C. App. 677, 274 S.E. 2d 888 (1981) is controlling on this issue. In *Webb*, this Court held that the trial court in question was without jurisdiction to find the defendant father in contempt for failing to comply with a child visitation order while his appeal of that order was pending. In so holding, the Court relied on G.S. sec. 1-294 which states in pertinent part:

> When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; . . .

This Court in *Webb* applied G.S. sec. 1-294 to the situation before it which concerned child visitation privileges. However, defendant Cox's reliance on *Webb* is misplaced because of the effect G.S. sec. 50-16.7(j) must have on our interpretation of G.S. sec. 1-294 in regard to alimony. G.S. sec. 50-16.7(j) provides in part:

> Notwithstanding the provisions of G.S. 1-294 or G.S. 1-289, an order for the periodic payment of alimony that has been appealed to the appellate division is enforceable in the trial court by proceedings for civil contempt during the pendency of the appeal.

Our reading of G.S. sec. 1-294 in light of the quoted language of G.S. sec. 50-16.7(j) (which we note was not in effect at the time *Webb* was decided) dictates that the trial court was not without jurisdiction to issue the show cause order of 29 September 1987 or the subsequent contempt order, and that *Webb* is not applicable in this instance.

[2] By his second Assignment of Error, defendant contends that the trial court erred by refusing to recognize his appearance through counsel as sufficient to satisfy the requirement of the show cause order which required him to appear in court.

Ordinarily, a party to a civil action "may appear either in person or by attorney in actions or proceedings in which he is interested." G.S. sec. 1-11. Our Supreme Court clarified the law on this question somewhat when it stated the following:

> [O]ur research fails to disclose, and counsel has not cited, any statute, rule of court or decision which mandates the presence of a party to a civil action or proceeding at the trial of, or a hearing in connection with, the action or proceeding *unless the party is specifically ordered to appear.*

*Hamlin v. Hamlin*, 302 N.C. 478, 482, 276 S.E. 2d 381, 385 (1981) (emphasis added).

Defendant Cox was personally served with a show cause order by a Deputy of the Caldwell County Sheriff's Department. The order stated, in pertinent part, the following:

IT IS THEREFORE ORDERED THAT the Defendant, Bynum McCoy Cox, appear in the District Court of Caldwell County located in the Courthouse in Lenoir, North Carolina, on the 2nd day of December, 1987, at 9:30 o'clock a.m., or as soon thereafter as the matter may be heard, and show cause, if any there may be, why he should not be held as for contempt of this court.

The unequivocal language ordering defendant Cox to appear leads us to the conclusion that his case falls within the exception in *Hamlin* that a party's personal presence is required if he is "specifically ordered to appear." *Id.* Therefore, the trial court properly refused to recognize the appearance of defendant's counsel as sufficient to satisfy the order. This assignment of error is overruled.

[3] By his third Assignment of Error, defendant contends that the trial court erred by finding him in contempt because its findings of fact were insufficient to support the conclusion that his failure to appear was due to his willful contempt of the court's order to appear.

We note at the outset that contempt in North Carolina may be of two types, civil or criminal, although the distinction between the two can often be unclear. *O'Briant v. O'Briant*, 313 N.C. 432, 329 S.E. 2d 370 (1985). In the order finding defendant Cox in contempt, the trial judge did not indicate whether he was finding defendant in civil contempt or criminal contempt. In answering that question we must first ask for what purpose the contempt power was exercised. *Blue Jeans Corp. v. Amalgamated Clothing Workers of America*, 275 N.C. 503, 169 S.E. 2d 867 (1969). If the contempt order is to punish disobedience of a court order, it is criminal contempt. If to enforce the rights of an injured party, it is generally civil. *Id.*

In the case before us the trial judge was punishing defendant for his failure to appear as ordered, rather than providing a remedy for plaintiff. *O'Briant, supra.* This exercise of the contempt power to preserve the court's authority must be classified as

criminal contempt. Accordingly, the court's action is governed by Article 1 of G.S. ch. 5A.

Since criminal contempts are crimes, one accused of criminal contempt must be afforded all appropriate procedural safeguards. *O'Briant, supra.* In ascertaining what process is due one accused of criminal contempt under our statutory scheme, we note that G.S. sec. 5A-13 distinguishes between direct and indirect criminal contempt.

(a) Criminal contempt is direct criminal contempt when the act:

(1) Is committed within the sight or hearing of a presiding judicial official; and

(2) Is committed in, or in immediate proximity to, the room where proceedings are being held before the court; and

(3) Is likely to interrupt or interfere with matters then before the court.

G.S. sec. 5A-13(a)(1-3). G.S. sec. 5A-13(b) provides that "[a]ny criminal contempt other than direct criminal contempt is indirect criminal contempt and is punishable only after proceedings in accordance with the procedure required by G.S. 5A-15." G.S. sec. 5A-15 provides for a plenary hearing for indirect contempt (and for certain direct contempt), and establishes, *inter alia*, requirements of notice and a hearing. If a defendant is found guilty of contempt, the judge must make findings of fact beyond a reasonable doubt in support of the verdict. G.S. sec. 5A-15(f). In contrast to this process, one accused of direct contempt may generally be punished summarily if the punishment is "imposed substantially contemporaneously with the contempt." G.S. sec. 5A-14.

Therefore, the critical question before us is whether defendant's failure to appear as ordered on 2 December 1987 constituted direct or indirect criminal contempt. Our Supreme Court has stated that when "the court has no direct knowledge of the facts constituting the alleged contempt, in order for the court to take original cognizance thereof and determine the question of contempt, the proceedings must follow the procedural requirements

as prescribed for indirect contempt . . ." *Galyon v. Stutts*, 241 N.C. 120, 125, 84 S.E. 2d 822, 826 (1954).

The United States Supreme Court has stated that a formal hearing is not required when "a court acts immediately to punish for contemptuous conduct committed under its eye, . . ." *Groppi v. Leslie*, 404 U.S. 496, 504, 30 L.Ed. 2d 632, 639, 92 S.Ct. 582, 587 (1972). The Court in *Groppi* further stated that the contemnor is, of course, present in this situation, and the trial judge has personally observed the offensive conduct. Also, the contemnor generally is allowed to speak in his own behalf. *Id.*

Our reading of *Groppi* and *Galyon* leads us to the conclusion that defendant Cox's failure to appear at the show cause hearing must be classified as indirect criminal contempt. The trial judge had no direct knowledge of facts which would establish that defendant Cox's failure to appear was willful. Nonetheless, the judge summarily proceeded to hold defendant in contempt. His findings of fact established that defendant failed to appear, however, there was no finding of willfulness.

We note parenthetically that the trial judge could have properly *cited* defendant Cox for contempt and had him arrested pursuant to G.S. sec. 15A-305 to secure his appearance in court. *Mather v. Mather*, 70 N.C. App. 106, 318 S.E. 2d 548 (1984). This is, in effect, what the court did. However, the judge took the further step of actually *holding* defendant in contempt. This was in violation of defendant's due process rights. *Groppi; Galyon, supra.*

Defendant Cox was entitled to a hearing pursuant to G.S. secs. 5A-13(b) and 5A-15. Also, the judgment against him should have been supported by facts established beyond a reasonable doubt. G.S. sec. 5A-15(f). Because the trial judge erroneously failed to afford defendant these protections, the order holding him in contempt must be vacated and remanded for proceedings not inconsistent with this opinion.

Vacated and remanded.

Chief Judge HEDRICK and Judge PARKER concur.