BATOUL ATASSI, PLAINTIFF-APPELLEE v. INAD B. ATASSI, DEFENDANT-APPELLANT

No. COA95-699

(Filed 7 May 1996)

**Contempt of Court § 31 (NCI4th)— defendant's interference with court order directed at plaintiff—no civil contempt— attempt to punish defendant—error**

Where plaintiff wished to take the parties' child to Syria on vacation, requiring the trial court to grant a deviation from its standing custody order, and the trial court granted plaintiff's request to take the child out of the United States for dates certain, the entire focus of the order was on plaintiff and was not directed at defendant; therefore, the trial court erred in finding defendant in civil contempt for filing a custody action in Syria while plaintiff and the child were in that country, and requiring, as punishment, that defendant reimburse plaintiff her expenses resulting from defendant's contempt, since N.C.G.S. § 5A-21(a)(3) requires violation of an order directed at the alleged contemnor, and civil contempt is not proper as a means of punishment. Rather, plaintiff's remedy against defendant was an action for indirect criminal contempt, as his custody action instituted in Syria while plaintiff and the child were vacationing there flouted the authority of the trial court, interfered with lawful orders of that court, and fell squarely within the definition of criminal contempt in N.C.G.S. § 5A-11(a)(3).

**Am Jur 2d, Contempt §§ 17, 18, 130.**

Judge GREENE concurring in the result.

**ATASSI v. ATASSI**

[122 N.C. App. 356 (1996)]

Appeal by defendant from judgment entered 28 March 1995 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 1 March 1996.

*The McLeod Law Firm, P.A., by Joe McLeod, for plaintiff appellee.*

*Harris, Mitchell & Hancox, by Ronnie M. Mitchell and Kenneth D. Burns, for defendant appellant.*

SMITH, Judge.

The central issues in this appeal are whether the trial court ruled properly in finding defendant in civil contempt, and whether the trial court erred in awarding compensatory damages to plaintiff as a result of the alleged contemnor's conduct. Because the order of contempt allegedly violated was not directed at the contemnor, and the order constitutes improper punishment, we conclude the trial court incorrectly found defendant in civil contempt. Additionally, we reaffirm existing precedent holding that compensatory damages are an inappropriate form of relief in civil contempt proceedings.

At the onset, we note that this is the instant parties' second visit to this Court. *See Atassi v. Atassi*, 117 N.C. App. 506, 451 S.E.2d 371, *disc. review denied*, 340 N.C. 109, 456 S.E.2d 310 (1995). The parties to this action, Batoul Atassi (plaintiff) and Inad Atassi (defendant), were married in Fayetteville, North Carolina in 1991. Defendant is a neurosurgeon practicing in Fayetteville. The parties have one child, Azmi Atassi, who was born 16 January 1992. On 4 June 1993, plaintiff filed a complaint for alimony, child custody, child support, relief from domestic violence and equitable distribution.

By the trial court's order of 19 November 1993, plaintiff was awarded primary temporary custody, and defendant was awarded secondary temporary custody. On or about 21 April 1994, plaintiff filed a motion requesting a modification of the 19 November 1993 temporary custody order. Plaintiff wished to take the parties' child, Azmi Atassi, to Syria for a visit with plaintiff's relatives. The motion was granted on 24 May 1994 (the 24 May 1994 order). The trial court entered an order authorizing plaintiff to transport Azmi to Syria, and directed plaintiff to return by 1 August 1994.

Plaintiff traveled to Syria with Azmi, taking the trial court's order modifying custody with her. While plaintiff was in Syria with Azmi, defendant filed a separate custody suit in Syria. Defendant asked the

ATASSI v. ATASSI

[122 N.C. App. 356 (1996)]

Syrian court to wrest custody from plaintiff and prevent her from returning to the United States with Azmi. Plaintiff was forced to litigate defendant's Syrian action before she was permitted to leave Syria with Azmi.

In defending the action against her in Syria, plaintiff incurred approximately $3,500.00 in attorneys' fees, and $750.00 in document translation fees. Plaintiff was also required to purchase new airline tickets to return to Fayetteville, as her original tickets were not valid on her delayed departure date.

On her return to the United States, plaintiff filed a show cause motion requesting the trial court find defendant in contempt. In her show cause motion, plaintiff alleged that defendant had, "by filing the lawsuit in the Country of Syria, [demonstrated an] intent to thwart and violate the previous Orders of this Court; that such action on the part of Defendant was willful and without legal justification." On plaintiff's motion, the trial court entered an order to show cause directed at defendant. The show cause order noticed defendant of the trial court's intent to "make a determination if you are in civil and/or criminal contempt."

The show cause hearing was held on 28 March 1995. After hearing the parties' evidence the trial court found, *inter alia*:

IV

That on the 24th day of May, 1994, an Order was entered by Judge Andrew R. Dempster of the Twelfth Judicial District by the terms of which the Plaintiff and the minor child were allowed to leave the State of North Carolina and travel to the Country of Syria for a period of time from May 30, 1994 through August 1, 1994, and directing that the minor child return with the Plaintiff to North Carolina on or before August 1, 1994.

V

That prior to the Plaintiff's return from the Country of Syria, a lawsuit was filed by the Defendant in the Country of Syria with regard to the custody of the minor child; that a portion of the lawsuit was equivalent to a restraining order preventing the removal of the minor child from the Country of Syria; that as a result of the lawsuit filed, the Plaintiff was not able to return as directed by the Order entered by this Court on May 24, 1994, and the Plaintiff had to expend $6,520.00 in attempt [*sic*] to comply with Judge Dempster's Order.

ATASSI v. ATASSI

[122 N.C. App. 356 (1996)]

VI

That the lawsuit in Syria was filed by the Defendant with the intent to prevent the Plaintiff from complying with the Order of this Court of May 24, 1994; that said conduct of the Defendant was willful, without legal excuse and contemptuous of the Orders of this Court.

Based on the above findings, the trial court concluded that defendant's prosecution of the Syrian legal proceeding was a willful and intentional attempt to prevent plaintiff from complying with the trial court's 24 May 1994 order, and that defendant was in willful contempt of that order. The trial court determined, that

as punishment for this civil contempt, the Defendant [was] ordered to pay to the Plaintiff the sum of $6,520.00 within 15-days of the date of this hearing for reimbursement to the Plaintiff for expenses resulting from the Defendant's civil contempt.

In addition to plaintiff's Syrian-related defense expenses, the trial court ordered defendant to pay the costs of plaintiff's attorneys' fees associated with the contempt proceeding.

Though the record indicates that defendant's conduct was reprehensible, and contrary to the interests and administration of justice, we conclude that the trial court erred by finding defendant in civil contempt. Two reasons drive our conclusion that civil contempt is inappropriate to this set of facts. First, the statute governing civil contempt, N.C. Gen. Stat. § 5A-21(a)(3) (1986), requires violation of an order *directed at* the alleged contemnor. Second, civil contempt is not proper as a means of punishment, as our case law and statutes make clear.

The 24 May 1994 order at the center of this contempt matter arose upon plaintiff's motion, and was solely directed at the conduct of plaintiff. Plaintiff wished to take Azmi to Syria on vacation, requiring the trial court to grant a deviation from its standing custody order. The trial court granted plaintiff's request to take the minor child out of the United States for dates certain. The only mention of defendant in the 24 May 1994 order was a provision allowing defendant to exercise visitation privileges, if he were in Syria at times coincident with plaintiff's vacation. The entire focus of the order, save for this incidental provision, was on plaintiff.

N.C. Gen. Stat. § 5A-21(a) requires a "[f]ailure to comply with an order of the court," and that said failure arises from "[t]he person to

whom the order is directed . . . ." N.C. Gen. Stat. § 5A-21(a)(3). Here, defendant did not fail to comply with the court order, nor was the order directed at him. Defendant's actions unquestionably impeded plaintiff's ability to comply with the 24 May 1994 order. But, this is not the sort of conduct appropriate to civil contempt under our statute.

Moreover, the Official Commentary to our civil contempt statute states unambiguously that § 5A-21 is not "a form of punishment." In *Jolly v. Wright*, 300 N.C. 83, 92, 265 S.E.2d 135, 142 (1980), *overruled on other grounds*, *McBride v. McBride*, 334 N.C. 124, 431 S.E.2d 14 (1993), our Supreme Court followed the Official Commentary, noting that the "statutory definition of civil contempt makes clear that civil contempt is not a form of punishment; rather, it is a civil remedy to be utilized exclusively to enforce compliance with court orders." *Id.* (citing § 5A-21 and Official Commentary). The purpose of civil contempt is "not to punish; rather, its purpose is to use the court's power to . . . coerc[e] the defendant to comply with an order of the court." *Id.* In the instant matter, the trial court itself described the civil contempt action it took as "punishment." Under *Jolly* and § 5A-21, such action by the trial court was error.

Given our determination of the impropriety of the instant civil contempt order, it is unnecessary to fully address defendant's arguments concerning the trial court's award of compensatory damages (pursuant to the contempt order) to plaintiff. This Court is bound by our prior ruling in *Hartsell v. Hartsell*, 99 N.C. App. 380, 390, 393 S.E.2d 570, 577, *review on additional issues denied*, 327 N.C. 482, 397 S.E.2d 218 (1990), *aff'd by*, 328 N.C. 729, 403 S.E.2d 307 (1991), where we held that "compensatory damages . . . [are] not properly within the scope of [a] contempt proceeding."

We acknowledge the persuasiveness of plaintiff's arguments for changing this rule, a rule in which North Carolina is a minority jurisdiction. *See* Annotation, *Right Of Injured Party To Award Of Compensatory Damages Or Fine In Contempt Proceedings*, 85 A.L.R.3d 895 (1978). However, this Court is without authority to dispense with rules adopted by our Supreme Court or another panel of this Court. *See Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985); *and In Re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). Therefore, if plaintiff wishes to challenge the continued viability of North Carolina's minority rule, the proper forum is our Supreme Court.

**ATASSI v. ATASSI**

[122 N.C. App. 356 (1996)]

We do not mean to imply that plaintiff is without remedy for the conduct of defendant. That remedy is criminal contempt, not civil. N.C. Gen. Stat. § 5A-11(a)(3) (1986 & Cum. Supp. 1995); and *see Mauney v. Mauney*, 268 N.C. 254, 256, 150 S.E.2d 391, 393 (1966) (" 'Criminal contempt is a term applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice.' " (Citation omitted)). It is criminal contempt to act in "[w]illful disobedience of, resistance to, or *interference with* a court's lawful process, *order,* directive, or instruction or its *execution.*" N.C. Gen. Stat. § 5A-11(a)(3) (emphasis added). The trial court's characterization of defendant's conduct (in its contempt order) appears to fit squarely within § 5A-11(a)(3).

We note the trial court has satisfied the procedural requirements necessary to punish defendant for indirect criminal contempt. *See* N.C. Gen. Stat. § 5A-13(b) (1986). Indirect contempt (§ 5A-13(b)) is that which arises from matters not occurring in or near the presence of the court, but which tend to obstruct or defeat the administration of justice. *See Cox v. Cox*, 92 N.C. App. 702, 706, 376 S.E.2d 13, 16 (1989); and *see* Black's Law Dictionary 319 (6th ed. 1990).

N.C. Gen. Stat. § 5A-15 (1986 & Cum. Supp. 1995) requires the trial court to conduct a plenary hearing for the purpose of adjudicating indirect criminal contempt. Generally speaking, § 5A-15 requires notice and a hearing before a trial court may find defendant in criminal contempt. *Cox*, 92 N.C. App. at 706, 376 S.E.2d at 16. If the defendant is found in criminal contempt, the trial judge must make findings of fact beyond a reasonable doubt in support of the verdict. *Id.*; N.C. Gen. Stat. § 5A-15(f). Upon a finding of indirect criminal contempt, defendant may be subject to "censure, imprisonment up to 30 days, fine not to exceed five hundred dollars ($500.00), or any combination of the three . . . ." N.C. Gen. Stat. § 5A-12(a) (1986 & Cum. Supp. 1995). Punishment under § 5A-12 requires a *mens rea* of willfully contemptuous conduct, or an act proceeded by a clear warning of the court that the conduct was improper. N.C. Gen. Stat. § 5A-12(b)(1), (2).

It is not for this Court to decide for the trial court whether the instant situation demands a proceeding for criminal contempt. The record does indicate, though, that defendant has flouted the authority of the trial court, and has interfered with lawful orders of that court.

This is the second time defendant has sought to interpose the jurisdiction of a Syrian Court to accomplish what he could not in ours. We agree with Judge John Martin, in speaking for this Court,

that "[o]ur courts will not permit defendant, as an American citizen domiciled in North Carolina, to use his former status and relationship with Syria to evade the laws of North Carolina governing domestic relations." *Atassi*, 117 N.C. App. at 512, 451 S.E.2d at 375. We must regretfully set aside the trial court's finding of civil contempt against defendant for the grounds stated herein. This case is reversed and remanded for such further proceedings as are by law provided or required.

Reversed and remanded.

Judge LEWIS concurs.

Judge GREENE concurs in the result with separate concurring opinion.

Judge GREENE concurring in the result.

I agree with the two reasons given by the majority that the order of the trial court finding the defendant in civil contempt must be reversed: (1) there is no failure by the defendant to comply with a court order directed to him, and (2) compensatory damages are not properly within the scope of a contempt proceeding. Because either of these holdings requires we reverse the order of the trial court, I have not considered the questions of whether the compensatory damage rule represents good law or whether the defendant's conduct constitutes criminal contempt of court. I therefore express no opinion on these additional issues addressed by the majority.