An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-274

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

    v.

                               Durham County

                               No. 11 CRS 60616

BIBIAN NWANGUMA
    Defendant

Appeal by defendant from order entered 28 August 2012 by Judge Abraham P. Jones in Durham County Superior Court. Heard in the Court of Appeals 12 September 2013.

    *Roy Cooper, Attorney General, by Daniel P. O'Brien, Assistant Attorney General, for the State.*

    *Wait Law, P.L.L.C., by John L. Wait, for defendant-appellant.*

    DAVIS, Judge.

Bibian Nwanguma ("Defendant") appeals from the trial court's 28 August 2012 order finding her in contempt. On appeal, her primary argument is that the trial court erred by failing to comply with statutorily required procedural safeguards in connection with the contempt charge. After careful review, we reverse the trial court's order.

**Factual Background**

On 23 November 2011, Defendant was charged with misdemeanor second degree trespass and was found guilty in Durham County District Court on 14 March 2012. On 15 March 2012, Defendant appealed the conviction to Durham County Superior Court.

On 27 August 2012, Defendant's case was scheduled for trial. Defendant appeared for the morning session of court with her counsel. At the conclusion of the morning session, the trial court directed her to return to court at 2:30 p.m. Her trial counsel also reiterated to her that she needed to be present in the courtroom at 2:30 p.m.

Defendant proceeded to go to her attorney's office to deliver some photographs but was unable to open the door to the office. She then went to the Department of Social Services and eventually returned to her attorney's office because she was unclear about "when she ha[d] to go to court." Her attorney then attempted to escort her to the courthouse by following Defendant in her car. However, she lost sight of Defendant's car.

When Defendant finally returned to the courthouse, it was after 2:30 p.m. She discovered that court was already in session and the courtroom door was closed. She went to the clerk's office to seek guidance and was advised by staff to return the next day. Defendant was absent from the courtroom when her case was called that afternoon, and an order was entered for her arrest based on her failure to appear.

On the following day, Defendant's case was called once again, and this time Defendant was present in the courtroom. When asked by the trial court about her absence the previous day, Defendant's counsel explained the reason for her failure to be present. Defendant's counsel also informed the court that Defendant was currently taking several medications for a disability and expressed doubt as to her ability to fully understand the proceedings against her. Her attorney moved for a forensic evaluation and requested that the order for arrest for failure to appear be stricken.

The trial court denied the request and entered an order holding Defendant in contempt of court for having failed to appear the previous afternoon. On 28 August 2012, the court entered an order requiring Defendant to serve thirty days in custody and to receive a mental competency evaluation.

Defendant was determined to be competent, and on 27 September 2012, Defendant was released from custody. On 11 December 2012, Defendant filed a notice of appeal from the order of contempt. On 19 April 2013, Defendant filed a petition for writ of certiorari.

**Analysis**

## I. Appellate Jurisdiction

As an initial matter, we must determine whether we have jurisdiction to consider Defendant's appeal based on her failure to give notice of appeal within fourteen days from the entry of the contempt order as required by Rule 4(a)(2) of the North Carolina Rules of Appellate Procedure. Defendant acknowledges that her notice of appeal was untimely but asks that the merits of her appeal be considered pursuant to her petition for certiorari.

When a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal. *State v. McCoy,* 171 N.C. App. 636, 638, 615 S.E.2d 319, 320, *appeal dismissed,* 360 N.C. 73, 622 S.E.2d 626 (2005). While this Court is unable to hear Defendant's direct appeal, it does have the discretion to consider the matter by granting her petition for writ of certiorari. Rule 21(a)(1) provides this Court with the

authority to review the merits of an appeal via the issuance of a writ of certiorari even when the appeal is filed in an untimely manner. *Anderson v. Hollifield,* 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997).

Defendant's petition for writ of certiorari demonstrates that Defendant lost her right to appeal through her trial counsel's incorrect calculation of the deadline for her notice of appeal. For this reason, we elect to grant Defendant's petition for writ of certiorari and consider her appeal pursuant to Rule 21(a).

## II. Criminal Contempt

On appeal, Defendant argues that "the trial court erred by holding [Defendant] in criminal contempt when: (1) the trial court failed to follow the requirements for indirect criminal contempt; and (2) [Defendant's] alleged conduct did not meet the requirements for direct criminal contempt."

"The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Watson v. Watson,* 187 N.C. App. 55, 64, 652 S.E.2d 310, 317 (2007). "Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported

by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment." *Hartsell v. Hartsell,* 99 N.C. App. 380, 385, 393 S.E.2d 570, 573 (1990), *aff'd per curiam*, 328 N.C. 729, 403 S.E.2d 307 (1991).

We must first determine whether Defendant was held in direct criminal contempt or indirect criminal contempt. Direct contempt exists when the act giving rise to the contempt charge is "(1) committed within the sight or hearing of a presiding judicial official; and (2) [i]s committed in, or in immediate proximity to, the room where proceedings are being held before the court; and (3) [i]s likely to interrupt or interfere with matters then before the court." N.C. Gen. Stat. § 5A-13(a) (2011). Any criminal contempt "that is not direct criminal contempt is indirect criminal contempt . . . ." N.C. Gen. Stat. §5A-13(b)(2011). Accordingly, "[i]ndirect contempt . . . is that which arises from matters not occurring in or near the presence of the court, but which tend to obstruct or defeat the administration of justice." *Atassi v. Atassi,* 122 N.C. App. 356, 361, 470 S.E.2d 59, 62 (1996).

A key distinction between direct criminal contempt and indirect criminal contempt is procedural. Direct criminal

contempt may be punished summarily because the behavior occurs within the sight of the judicial officer. *State v. Simon,* 185 N.C. App. 247, 251, 648 S.E.2d 853, 855 (2007). This is so because the judge personally witnessed the contemptuous acts and needs no other testimony or other evidence to determine what occurred. However, "indirect criminal contempt . . . is punishable only after proceedings in accordance with the procedure required by [N.C. Gen. Stat. § ] 5A-15." N.C. Gen. Stat. § 5A-13(b) (2011).

Here, the trial court made the following oral findings in connection with its decision to hold Defendant in contempt:

> This defendant was due to be in court yesterday at 2:30 and failed to show up, gave no explanation to the Court nor to her attorney, and that is a failure to appear. It's not only failure to appear in terms of the hearing simply to schedule matters, but for trial.
>
> Not only a failure to appear for trial, but a failure to appear trial [sic] after having been here in court speaking to go her [sic] directly and she even knew or should have known she was to be here at 2:30. And she wasn't and the Court can't tolerate that type of behavior from any individual because it puts it at the disposal of individual whims and vicissitudes and not able to expect a person to behave as everyone else has to behave when under the premature [sic] of the Court.
>
> . . .

> Ergo, I am going to find her in contempt of Court and lock her up for 30 days and order during that 30 days that she be allowed to get to be evaluated by the people who do the evaluations at Butner or Dix. I guess Butner now.

Based on the record before us, we do not believe the necessary elements required for a finding of direct criminal contempt were met. Defendant's failure to appear at the time specified by the trial court obviously was not an overt act that occurred in the trial court's presence. Indeed, the very reason she was held in contempt was her *absence* from the courtroom at the relevant time period.

We find instructive our decision in *Cox v. Cox*, 92 N.C. App. 702, 376 S.E.2d 13 (1989). In *Cox*, the trial court held the defendant in contempt for failing to appear at a hearing concerning alimony payments. In its contempt order, the trial court did not indicate whether the contempt was direct or indirect. This Court held that because the trial judge did not have any direct knowledge of facts establishing that the defendant's failure to appear was willful, the proper classification was indirect criminal contempt. *Id*. at 707, 376 S.E.2d at 17.

Here, as in *Cox*, Defendant was held in contempt for failing to appear in court as ordered. Because Defendant's conduct did not constitute direct contempt, we believe that her failure to appear as ordered on 27 August 2012 constituted indirect criminal contempt.

Having determined that Defendant was held in indirect criminal contempt, we now turn to the question of whether the appropriate procedural safeguards were followed by the trial court. Indirect criminal contempt may be punished only in accordance with the procedure set out by statute.

> G.S. sec. 5A-13(b) provides that "[a]ny criminal contempt other than direct criminal contempt is indirect criminal contempt and is punishable only after proceedings in accordance with the procedure required by G.S. 5A-15." G.S. sec. 5A-15 provides for a plenary hearing for indirect contempt . . . and establishes, *inter alia,* requirements of notice and a hearing. If a defendant is found guilty of contempt, the judge must make findings of fact beyond a reasonable doubt in support of the verdict. G.S. sec. 5A-15(f).

*Id*. at 706, 376 S.E.2d at 16. As a part of this process, the trial court must issue an order to the contemnor to show cause why a finding of contempt is not warranted and the order must give adequate notice of the acts considered to be contemptuous.

*O'Briant v. O'Briant*, 313 N.C. 432, 436, 329 S.E.2d 370, 373 (1985).

Here, the record shows that Defendant never received the statutorily required hearing or an order requiring her to show cause why she should not be held in contempt. In its comments from the bench, the trial court explained why it believed it could hold Defendant in contempt without following the procedure mandated by N.C. Gen. Stat. §15A-15:

> I don't think I have to because she was here and I told her to come back. She was here like everybody else. To me that is a violation of a Court order in the Court's presence as far as I am concerned. She was here.
>
> . . .
>
> She got this because I told her and she just didn't come back. And furthermore, I know she was in the courthouse because I saw her in the courthouse before 2:30 walking around talking to herself. And I didn't know what to make of it, but I couldn't say anything to her.
>
> . . .
>
> So I think I am doing her a favor really. Not favor. I think I am doing what any - - any - - any judicious judge would do under these circumstances. I can't have people coming in my court and I give them a direct order and they just simply don't do it and then they get -- then I give more orders that we are going to do this, we are going to did [sic] the other, and I don't have any

confidence it's going to happen at all unless we have her body.

And so I am going to get it. We do have her body. When they set up the evaluation at Butner they will be able to come get her, transport her, be evaluated, and then the docs would know this kind of business, will be able to tell me if there is some problem. If there is no problem then we will release, go for October 22nd, and that's where we are.

These statements demonstrate the trial court's mistaken belief that no procedural safeguards were required because Defendant's acts gave rise to direct – rather than indirect – criminal contempt. As set out above, this was not the case. Therefore, the contempt order cannot be sustained. *See Cox*, 92 N.C. App. at 707, 376 S.E.2d at 17 (vacating indirect criminal contempt order where trial court failed to follow procedures set out in N.C. Gen. Stat. §5A-13 and §5A-15).

Defendant also argues that the contempt order was invalid on the additional ground that the trial court failed to make the requisite findings of fact. We agree.

This Court has held that for purposes of an order of contempt, a trial judge must "make findings of fact beyond a reasonable doubt, and enter a *written* order." *State v. Coleman*, 188 N.C. App. 144, 148, 655 S.E.2d 450, 452-53 (2008) (citing N.C. Gen. Stat. § 5A-15(f) (2005) (emphasis added)). Moreover,

an order for contempt is fatally defective when it is not supported by a finding of fact that defendant's failure to comply with the court order was willful. *See Smith v. Smith*, 247 N.C. 223, 225, 100 S.E.2d 370, 371-372 (1957) (holding that in contempt proceedings it is "necessary for the court to find the facts supporting the judgment and especially the facts as to the purpose and object of the contemnor, since nothing short of 'willful disobedience' will justify punishment"). Willfulness in this context means an act "done deliberately and purposefully in violation of law, and without authority, justification, or excuse." *State v. Chriscoe*, 85 N.C. App. 155, 158, 354 S.E.2d 289, 291 (1987).

Moreover, N.C. Gen. Stat. § 5A-15(f) requires that the court's findings be "beyond a reasonable doubt." "Failure to make such an indication is fatally deficient, unless the proceeding is of a limited instance where there were no factual determinations for the court to make." *State v. Ford,* 164 N.C. App. 566, 571, 596 S.E.2d 846, 850 (2004).

Here, the trial court made oral findings of fact — without reducing them to writing — and then entered judgment on a form issued by the Administrative Office of the Courts simply stating, in pertinent part, as follows: "Defendant found in

contempt of court and taken into custody, Defendant was to return to court on August 27, 2012 at 2:30 P.M. and failed to do so." To the extent these statements can be deemed findings of fact, they are insufficient under N.C. Gen. Stat. §5A-15(f).

For all of the reasons set out herein, we conclude that the trial court failed to follow the mandatory statutory procedures applicable to indirect criminal contempt orders. Accordingly, the trial court's order must be reversed. *See In re Contempt Proceedings Against Cogdell,* 183 N.C. App. 286, 289, 644 S.E.2d 261, 263 (2007) (reversing trial court order without remand where trial court failed to indicate that reasonable doubt standard was used in criminal contempt proceeding).

### Conclusion

For the reasons stated above, we reverse the trial court's contempt order.

REVERSED.

Judges HUNTER, JR. and ERVIN concur.

Report per Rule 30(e).