KENNETH EUGENE FORTE v. NANCY BOGER FORTE

No. 8220DC1104

(Filed 20 December 1983)

**Divorce and Alimony § 24.4— nonsupport of child—no contempt—willfulness element missing**

  In an action in which defendant sought the court to find plaintiff in contempt of court for nonsupport of his child pursuant to a support order, the trial judge's finding of fact that plaintiff stopped making payments, not in defiance of authority, but in a good faith reliance on defendant's agreement to support the child if he would waive his visitation rights, was supported by competent evidence, supported the conclusion that plaintiff's failure to comply with the order was not willful, and is conclusive on appeal.

APPEAL by defendant from *Huffman, Judge*. Order entered 12 June 1982 in District Court, STANLY County. Heard in the Court of Appeals 19 September 1983.

Under a separation agreement entered into in 1969, defendant was given custody of their minor child, then four years old, and plaintiff was accorded the right to visit the child only at the times mutually agreeable to the parties in defendant's home and upon at least twenty-four hours advance notice of the intended visit. In December, 1971, the parties were divorced, and at the same time a judgment was entered settling their various property claims and requiring plaintiff to pay $75 a month toward the child's support.

The next activity in the case was a motion in the cause filed by the defendant March 2, 1982, alleging that plaintiff was more than $9,000 in arrears in making the payments ordered and requesting that he be adjudged in contempt of court as a consequence. The plaintiff, answering the motion, admitted that he had not made the payments ordered for nearly ten years, but alleged that he was justified in doing so, because the defendant repeatedly refused to let him visit the child and agreed that if he would leave her and the child alone she would waive the support payments.

After hearing the evidence of the parties, upon findings and conclusions that plaintiff's failure to pay as directed was not wilful, but was in "good faith reasonable reliance" upon defendant's oral agreement to waive the payments in exchange for plain-

tiff foregoing his visitation rights, the trial court adjudged the plaintiff not to be in contempt. It was also adjudged that plaintiff is indebted to defendant in the amount of $9,075 because of the missed payments and he was ordered to pay the remaining support installments as they became due.

*Hopkins, Hopkins & Tucker, by William C. Tucker, for plaintiff appellee.*

*D. D. Smith and Henry C. Doby, Jr. for defendant appellant.*

PHILLIPS, Judge.

The only question presented by defendant's appeal is whether the order deeming plaintiff not to be in contempt of court was erroneous. Since the evidence clearly indicates that plaintiff was able to make the payments ordered but chose not to do so, the defendant contends that we should remand the case to the trial court with instructions to find him in contempt of court. The law does not permit us to do that, however, for *wilfulness* is also a requisite of contempt, *Jones v. Jones*, 52 N.C. App. 104, 278 S.E. 2d 260 (1981), and the record does not establish that plaintiff's failure to comply with the order was wilful.

Wilfulness in matters of this kind involves more than deliberation or conscious choice; it also imports a bad faith disregard for authority and the law. *Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391 (1966); *West v. West*, 199 N.C. 12, 153 S.E. 600 (1930). The trial judge's finding of fact that plaintiff stopped making payments, not in defiance of authority, but in a good faith reliance on defendant's agreement to support the child if he would waive his visitation rights, is supported by competent evidence, and is thus conclusive on us. *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978). This finding supports His Honor's conclusion that plaintiff's failure to pay was not wilful and the determination that plaintiff was not in contempt. *Jarrell v. Jarrell*, 241 N.C. 73, 84 S.E. 2d 328 (1954). The order was also in accord with sound legal principles. Most jurisdictions in this country follow the just rule that disobedience to a court order that results from the advice or agreement of the complainant should not be punished at the complainant's behest. 17 C.J.S. *Contempt* § 39, p. 103 (1963). We know of no North Carolina decision to the contrary. The order appealed from is affirmed.

Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.