STATE OF NORTH CAROLINA v. CHRISTY CHRISCOE

No. 8622SC1081

(Filed 7 April 1987)

**Contempt of Court § 6.2— failure to be present at spouse's trial—insufficiency of evidence of contempt of court**

> The trial court's order holding defendant in contempt for her failure to be present in superior court at 9:30 a.m. on a given day during the trial of her husband was not supported by the evidence where defendant was not under any legal process or order to be present in court on the named day; there was no evidence that her delay in arriving at court resulted in any interference with the ongoing prosecution of her husband or any other business of the court; and defendant's short delay in arriving at court was not due to willfulness or gross negligence but to a lack of transportation and to her concern for her mother's safety brought about by her mother's failure to pick her up on time and transport her to the courthouse and her mother's failure to answer the telephone. N.C.G.S. § 5A-11(a)(7).

APPEAL by defendant from *Freeman, Judge.* Order entered 24 July 1986 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 9 March 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Floyd M. Lewis, for the State.*

*Scott Y. Curry for defendant appellant.*

BECTON, Judge.

I

This is a criminal action against defendant, Christy Chriscoe, for contempt of court, arising out of the criminal prosecution of her husband for second degree sexual offense during the 21 July 1986 Criminal Session of Davidson County Superior Court before Judge William H. Freeman. On 24 July 1986, defendant was served with a show cause order which stated that it was due to her "failure to return to court as ordered by the Judge." In a summary proceeding on the same day, after hearing testimony by defendant and defendant's mother, Judge Freeman made findings of fact and held defendant in contempt of court, pursuant to N.C. Gen. Stat. Sec. 5A-11(a)(7) (1986), for willful or grossly negligent failure to comply with the schedules and practices of the court resulting in substantial interference with the business of the court.

The order sentenced defendant to thirty days imprisonment in the county jail. Defendant gave notice of appeal to this Court.

On 30 July 1986, defendant filed a motion for a writ of Habeas Corpus and a motion for appropriate relief. On the same day, Superior Court Judge Charles Lamm, Jr., issued a writ of Habeas Corpus and, after a hearing, entered an order deferring ruling on the legality of Judge Freeman's order until after the decision of this Court is rendered. Defendant was released from custody under a $100.00 unsecured bond.

We hold that the 24 July 1986 order holding defendant in contempt of court was improperly entered, and therefore we reverse.

## II

Defendant was held in contempt of court for her failure to be present in Superior Court at 9:30 a.m. on 24 July 1986 during the trial of her husband for second degree sexual offense. The evidence at the show cause hearing tended to establish facts substantially as set forth in Judge Freeman's findings of fact, and which are summarized as follows.

Defendant's eighteen-year-old mentally handicapped daughter was the prosecuting witness for the State in the trial of her stepfather, Jimmy Chriscoe (defendant's husband). Defendant's fourteen-year-old son was also to be a witness for the State. Defendant was expected to testify for the defense. Both children resided with defendant. Neither defendant, her daughter, or her son were under subpoena.

Defendant and her two children were present in court on 23 July 1986 when the jury was selected, trial began, and one witness testified. Court was adjourned until 9:30 the following morning.

The Department of Social Services and the district attorney's office requested that defendant and her children be at court before 9:00 a.m. Defendant was offered a ride which she refused. Defendant's mother was to pick them up at 8:30 a.m. and give them a ride to the courthouse, but she overslept. When she failed to arrive at 8:30, defendant attempted numerous times to call her mother. When no one answered the telephone, defendant became

upset and concerned about her mother's safety. Defendant telephoned her father at work, and her father later brought her his truck. Defendant arrived at the courthouse at approximately 10:30 or 10:45 a.m.

The court further found that the defendant was a "healthy and able bodied adult," that she lived five blocks from the courthouse, that she had walked home with her children the previous day, and that she did not call or otherwise attempt to notify the district attorney's office or other court officials of her delayed arrival.

### III

Three of defendant's four arguments on appeal challenge the sufficiency of the evidence to support the trial court's conclusion of law that "defendant's actions were wilful and/or grossly negligent failure to comply with the schedules of the [sic] practices of the court resulting in substantial interference with the business of the court." Specifically, defendant argues that she was not under any legal process or order to be present in court on 24 July 1986, that her tardiness in arriving at court on that day was neither willful nor grossly negligent, and that there is no evidence that her actions interfered with the court's business.

Judge Freeman obviously based his order upon N.C. Gen. Stat. Sec. 5A-11(a)(7) (1986) which defines criminal contempt to include

(7) Willful or grossly negligent failure to comply with schedules and practices of the court resulting in substantial interference with the business of the court.

We agree with defendant that the evidence and the court's findings of fact do not establish the requisite elements of contempt pursuant to this statute.

Although the show cause order cited defendant's offense as "failure to return to court as ordered by the Judge," it does not appear from the record that defendant was subject to any personal instruction or order of the court or under any other legal duty to be present at 9:30 a.m. on 24 July 1986. Judge Freeman's sole finding of fact in this regard states merely that "they were due to be at the courthouse at 9:30 this morning." In the absence

of an order to be present, defendant may not be held in contempt for violation of such an order.

Furthermore, even if defendant were ordered to be there, the court did not find defendant in contempt for willful disobedience to an order of the court pursuant to N.C. Gen. Stat. Sec. 5A-11(a)(3) but rather pursuant to the provisions of N.C. Gen. Stat. Sec. 5A-11(a)(7). In our view, the evidence establishes neither that defendant's actions were willful or grossly negligent nor that her tardiness resulted in "substantial interference with the business of the court."

First, the record is entirely void of any evidence that defendant's delay in arriving at court resulted in any interference with the ongoing prosecution of defendant's husband or any other business of the court. Second, the evidence establishes neither willfulness nor gross negligence on the part of defendant. In order for an act to be "willful" as the term is used in criminal law, it must be done deliberately and purposefully in violation of law, and without authority, justification or excuse. *See West v. West,* 199 N.C. 12, 153 S.E. 600 (1930); 4 Strong: N.C. Index 3d, Criminal Law, Sec. 2, p. 35. "Grossly negligent," for purposes of criminal culpability, implies recklessness or carelessness that shows a thoughtless disregard of consequences or a heedless indifference to the rights of others. *See, e.g., State v. Boyd,* 61 N.C. App. 238, 300 S.E. 2d 578, *cert. denied,* 308 N.C. 545, 304 S.E. 2d 238 (1983). The evidence in this case shows that defendant's short delay in arriving at court was due, not merely to an absence of transportation, but also to her concern for her mother's safety brought about by her mother's failure to arrive on time or to answer the telephone. We do not believe, under these circumstances, that defendant's behavior rises to the level of willfulness or gross negligence. For these reasons, we hold that the order directing that Christy Chriscoe be imprisoned for thirty days for contempt of court is not supported by the evidence and must be reversed.

Defendant also argues that she received inadequate notice of the specific acts of misconduct for which she was summoned to show cause why she should not be held in contempt. In light of our holding that the evidence was insufficient to establish criminal contempt pursuant to N.C. Gen. Stat. Sec. 5A-11(a)(7), we find it unnecessary to address this contention.

Reversed.

Chief Judge HEDRICK and Judge WELLS concur.