STATE OF NORTH CAROLINA v. NICOLLE PHAIR

No. COA08-326

(Filed 4 November 2008)

**1. Contempt— standard of review—competent evidence to support trial court's findings of fact and conclusions of law**

Although defendant attorney frames all of her arguments in terms of an abuse of discretion by the trial court, the proper standard of review in contempt cases is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.

**2. Contempt— criminal—defense attorney's cell phone rang during State's questioning of witness—willfulness**

The trial court erred by holding defendant attorney in contempt of court based on her cell phone ringing during the State's direct examination of its first witness because: (1) no discussion of the incident was held at the time, defendant silenced her cell phone, and the State's direct examination continued; (2) N.C.G.S. § 5A-11 requires willful behavior, and although defendant ad-

mitted she knew from years of practicing law that she should turn her cell phone off while court is in session, defendant merely made a mistake in not turning her cell phone off before entering the courtroom; and (3) defendant did not exhibit a bad faith disregard for the trial court's authority, and her actions were not willful.

### 3. Contempt— criminal—defense attorney asked alleged improper question of client while on stand—willfulness

The trial court erred by holding defendant attorney in contempt of court based on her alleged improper questioning of her client while he was on the stand that implied the police had acted improperly because: (1) defendant's question was logical in terms of context and appeared to be the logical next step in the course of questioning; (2) while it is true that a juror hearing defendant's question might have understood it to have the improper implication the trial court gave it, the court's holding defendant in contempt was an extreme reaction to a question that defendant could have been told to rephrase; and (3) it did not appear that defendant's actions were willful or intended to mislead anyone present.

Appeal by defendant from orders entered 17 August 2007 by Judge Paul L. Jones in Lee County Superior Court. Heard in the Court of Appeals 23 September 2008.

*The Turrentine Group, by Karlene Scott Turrentine, for defendant.*

*Attorney General Roy Cooper, by Assistant Attorney General Charles E. Reece, for the State.*

ELMORE, Judge.

Nicolle Phair (defendant) appeals from two orders finding that she committed contempt while representing the accused during a criminal trial. Having reviewed the orders and arguments, we reverse both orders.

### I.

Defendant was representing an accused in a criminal trial when two incidents occurred giving rise to these two orders of contempt: first, defendant's cell phone rang during the State's questioning of a witness, and second, defendant asked an improper question of her client while he was on the stand.

[1] We first note that, although defendant frames all her arguments to this Court in terms of an abuse of discretion by the trial court, our standard of review for contempt cases is "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." *State v. Simon*, 185 N.C. App. 247, 250, 648 S.E.2d 853, 855, *disc. rev. denied*, 361 N.C. 702, 653 S.E.2d 158 (2007) (quotations and citations omitted). This standard applies to all of defendant's arguments below.

II.

[2] During the State's direct examination of its first witness, defendant's cellular phone rang.[1] No discussion of the incident was held at the time; defendant silenced her cell phone, and the State's direct examination continued. At the end of the trial, the trial court read into the record an order finding defendant in contempt, which was later reduced to writing.

That order notes that defendant brought into the courtroom a cellular telephone which rang audibly during court while the court was in session, then gives findings of fact as follows:

The Court finds beyond a reasonable doubt that such conduct was committed within the hearing of the Court[;] that such conduct was committed in the Courtroom; that such conduct interrupted and interfered with matters before the Court; and that such conduct was committed after clear warning from the court by posting notification that cellular telephones must be turned off within the Courtroom and verbal notice by Court bailiff, Sgt. Jim Davis[,] that cellular telephones must be turned off prior to the opening of court.

The conclusions of law are stated as follows:

1. That such conduct constituted grounds for contempt because the acts or omissions were intentionally done in open Court, which interrupted the proceedings of the Court and impaired the respect due its authority;

2. That such conduct was prohibited by N.C.G.S. [§] 5A-11(a)(1) and (2); [and]

---

1. There is no indication of this incident in the transcript, though it does not appear that the portion of the trial during which it occurred is included in the partial transcript submitted by defendant. However, since—per both parties—no oral mention was made of the phone ringing at the time it occurred, the transcript would shed no additional light on this argument.

STATE v. PHAIR

[193 N.C. App. 591 (2008)]

3. That such conduct was willfully contemptuous.

Finally, the order requires defendant to forfeit her cellular telephone in order for it to be destroyed or to pay a $100.00 fine within 10 days of the order.

N.C. Gen. Stat. § 5A-11(1) and (2), to which the trial court cited, state that, among other behaviors, the following actions constitute criminal contempt: "Willful behavior committed during the sitting of a court and directly tending to interrupt its proceedings[, and w]illful behavior committed during the sitting of a court in its immediate view and presence and directly tending to impair the respect due its authority." It is indisputable that defendant's cell phone ringing interrupted the proceedings of the court; thus, the question before us is whether her actions were willful.

"Willfulness" in this statute means an act "done deliberately and purposefully in violation of law, and without authority, justification, or excuse." *State v. Chriscoe*, 85 N.C. App. 155, 158, 354 S.E.2d 289, 291 (1987). The term has also been defined as "more than deliberation or conscious choice; it also imports a bad faith disregard for authority and the law." *Forte v. Forte*, 65 N.C. App. 615, 616, 309 S.E.2d 729, 730 (1983).

Much of defendant's argument in her brief on this point is irrelevant, addressing portions of the statute to which the trial court did not cite in its order. Defendant's relevant argument relates to whether her actions were willful. Although defendant admits that she knew from years of practicing law that she should turn her cell phone off while court is in session, it seems clear that defendant merely made a mistake in not turning her cell phone off before entering the courtroom. While this was certainly irresponsible, we cannot say that defendant exhibited a "bad faith disregard" for the trial court's authority; indeed, rather than "more than deliberation or conscious choice[,]" defendant's actions here—or rather her inaction—seem to constitute *less* than conscious choice. *Forte*, 65 N.C. App. at 616, 309 S.E.2d at 730.

As such, the trial court's findings of fact are not supported by competent evidence, and as such its conclusion that defendant committed contempt must fail. Thus, we reverse this order.

III.

[3] During her direct examination of her client at trial, defendant asked him whether the investigating detective had asked the client

for information after a certain date. When the State objected to the question, the trial court conducted a discussion regarding the objection outside the presence of the jury. During this discussion, the trial court told defendant that her question implied that the police had acted improperly (by contacting defendant after he had been appointed counsel) and was an attempt to mislead the jury (because defendant knew that her client had been in jail at the time). Defendant denied any intention of willfully misleading the court. The trial court then held her in contempt.

This was reduced to a written order—the second order at issue here—which made the following findings of fact:

> [Defendant] asked her client . . . if the investigating officers had contacted him after [his] being arrested and appointed counsel. Under [the] Rules of Professional [R]esponsibility and Rules of Court[, defendant] either knew or should have known that the investigating officer was not allowed to contact her client. The question as posed would falsely mislead the jury to believe that the case was not properly investigated by [the police] not talking to the defendant. Such a question would be both unprofessional and unethical. Upon the Court requesting clarification of her position, [defendant] was both argumen[ta]tive and defensive in denying the charge of unethical conduct.

The conclusions of law that follow state:

> 1. That such conduct: Asking the defendant whether the investigating officer had [c]ontacted him after being arrested and appointed counsel was unethical which [w]ould tend to mislead the jury;

> 2. That such conduct was prohibited by [N.C.]G.S. [§] 5A-11(a)(1); [and]

> 3. That such conduct was willfully contemptuous as Attorneys in North Carolina [a]re required to receive ethics training prior to being licensed and must take [e]thics training periodically by continuing legal education.

Finally, the order requires defendant to pay a fine of $250.00 within 10 days of the order.

Defendant's question was logical in terms of context: the State had just finished its cross-examination of the accused regarding whether the accused had provided address information to the inves-

**STATE v. PHAIR**

[193 N.C. App. 591 (2008)]

tigating detective. On redirect, defendant asked whether the investigating detective had asked for this information on the date the accused made his statement to the detective; when the accused answered in the negative, defendant asked whether the detective asked for the address information after that time. This question was the basis of finding defendant in contempt.

As mentioned above, N.C. Gen. Stat. § 5A-11(a)(1) states that "[w]illful behavior committed during the sitting of a court and directly tending to interrupt its proceedings" constitutes criminal contempt. Defendant again argues that she did not intend to mislead the jury and, thus, did not willfully violate this statute.

While it is true that, given some thought, a juror hearing defendant's question might have understood it to have the improper implication the trial court gave it, the court's holding defendant in contempt seems an extreme reaction to a question that defendant could have easily been told to rephrase. A reading of the transcript reveals decided animosity between the trial court judge and defendant; during the discussion out of the jury's presence on the propriety of this question, for example, the judge made several comments like: "you just make sure you pay $1,000 within the next 10 days[;] otherwise I will personally report you to the state bar"; "I don't care if you appeal"; "And you don't be arguing with me. Do I put you in jail right now[?]"; and "The only thing you had to do was keep your mouth closed and admit you'd made a mistake."

Again, it does not appear that defendant's actions were willful or intended to mislead anyone present. In context, the question appears to be a logical next step in the course of questioning to any reader of the transcript. As such, we hold that the trial court's findings of fact are not supported by competent evidence and do not in turn support the conclusions of law in this order. Thus, we reverse it.

IV.

Because the trial court's orders are in error, we reverse both convictions for contempt against defendant. As we reverse on these grounds, we do not address the remainder of defendant's arguments.

Reversed.

Judges HUNTER and GEER concur.