An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1057

Filed 2 July 2025

Watauga County, No. 24 CRS 000168

STATE OF NORTH CAROLINA

v.

HEATHER NICOLE GREENE, Defendant.

Appeal by Plaintiff from judgment entered 7 May 2024 by Judge Gary M. Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 21 May 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Kristin Cook McCrary, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R. Grant, for Defendant.*

GRIFFIN, Judge.

Defendant Heather Nicole Greene appeals from the trial court's judgment summarily holding her in direct criminal contempt. Defendant contends her out of court actions did not constitute direct criminal contempt. We hold the trial court failed to give Defendant a sufficient opportunity to respond to the contempt charges and vacate the trial court's judgment.

## I.    Factual and Procedural Background

This case arises from a plea hearing, in which Defendant was prepared to plead guilty to possession of methamphetamine.

On 7 May 2024, Defendant appeared in Watauga County Superior Court before Judge Gary M. Gavenus to enter a guilty plea to possession of methamphetamine. During the plea colloquy, the court questioned Defendant to ascertain if the plea was being made as a result of an informed choice as required by statute. *See* N.C. Gen. Stat. § 15A-1022 (2023) (requiring trial court judge to personally ensure the defendant is pleading guilty with full knowledge of the implications of that plea). The court asked Defendant if she was "now using or consuming alcohol, drugs, narcotics, medicines, pills, or any other such substance," to which Defendant responded, "Meth." Defendant stated the methamphetamine use had taken place the night prior to the hearing. The court then stated Defendant had admitted to appearing before the court under the influence of an impairing substance. Defendant contended that she would test positive but was not impaired at that time

In response to Defendant's insistence that she was not presently under the influence of meth, the court remarked, "The next time she appears in front of me, she won't be doing meth at night." The court found Defendant in direct criminal contempt for willfully behaving in a contemptuous manner and sentenced Defendant to thirty days in custody of the Watauga County Sheriff. That same day Judge Gavenus entered an order entitled "DIRECT CRIMINAL CONTEMPT/SUMMARY

PROCEEDINGS/FINDINGS AND ORDER." This form stated Defendant "APPEAR[ED] IN COURT FOR A PLEA AND ADMITTED TO USING METHAMPHETAMINE ON MAY 6, 2024." Defendant served the entirety of the thirty-day direct contempt sentence and was released on 6 June 2024.

Defendant timely appeals.

## II. Analysis

Defendant contends the trial court erred in holding her in direct criminal contempt.

This Court's "standard of review [for] contempt cases is 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.'" *State v. Phair*, 193 N.C. App. 591, 593, 668 S.E.2d 110, 111 (2008) (quoting *State v. Simon*, 185 N.C. App. 247, 250, 648 S.E.2d 853, 855 (2007)). Conclusions of law are reviewed de novo. *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

An individual may be held in direct criminal contempt when the act "[i]s committed within the sight or hearing of a presiding judicial official;" "[i]s committed in, or in immediate proximity to, the room where proceedings are being held before the court; and" "[i]s likely to interrupt or interfere with matters then before the court." N.C. Gen. Stat. § 5A-13(a)(1)–(3) (2023). Any form of contempt other than that specifically outlined in section 5A-13(a) of the North Carolina General Statutes is considered to be "indirect" criminal contempt. N.C. Gen. Stat. § 5A-13(b).

A judge may "summarily impose measures in response to direct criminal contempt when necessary to restore order or maintain the dignity and authority of the court[.]" N.C. Gen. Stat § 5A-14(a) (2023). Before imposition, the presiding judge "must give the person charged with contempt summary notice of the charges and a summary opportunity to respond and must find facts supporting the summary imposition of measures in response to contempt. The facts must be established beyond a reasonable doubt." N.C. Gen. Stat § 5A-14(b) (2023).

We have held a defendant must be given time to respond to summary contempt charges, outside of any preliminary questioning conducted by the trial court. *In re Korfmann*, 247 N.C. App. 703, 709, 786 S.E.2d 768, 771 (2016). This Court has also held an entered contempt order must match the findings of fact on record, and a defendant must be informed of the same charges listed in the entered order. *State v. Robinson*, 281 N.C. App. 614, 622, 868 S.E.2d 703, 709 (2022).

Here, Defendant truthfully answered the court's questions and attempted to inform the court that she was not under the influence at the time of the hearing. In response to Defendant's attempt, the court stated, "I'm done arguing with you. She's in custody for 30 days." The trial court was obligated to provide Defendant with ample notice and time to respond when summarily holding her in direct criminal contempt. We hold the opportunity Defendant had to respond to preliminary questioning by the court was too short for her to meaningfully respond to the direct criminal contempt charges and therefore vacate the trial court's judgment.

### III.    Conclusion

The trial court erred in holding Defendant in direct criminal contempt without providing Defendant a sufficient opportunity to be heard.  Accordingly, the judgment of the lower court is vacated.

VACATED.

Judges TYSON and COLLINS concur.

Report per Rule 30(e).